**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| United States, | No. CR 06-430-TUC-DCB (JM) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Jose Vargas-Aguirre, a/k/a Jose Vargas, | |
| Defendant. | |

On March 29, 2006, Defendant Jose Vargas-Aguirre ("Vargas-Aguirre") filed a Motion to Dismiss Indictment [Docket No. 10]. By Minute Entry Order dated February 8, 2006, pretrial matters in this case were referred to Magistrate Judge Jacqueline Marshall for hearing and report and recommendation. Vargas-Aguirre's motion was heard by Magistrate Judge Marshall on May 8, 2006. Vargas-Aguirre was present and represented by counsel. Having considered the motion, exhibits, and arguments of counsel, the Magistrate Judge submits the following findings of fact and conclusions of law, and recommends that the District Judge, after independent review of the record, deny the Motion to Dismiss Indictment.

**I.     Factual and Procedural Background**

For purposes of this motion the parties stipulated to the underlying facts. Tr. at 4-5.[1] On February 3, 2006, Vargas-Aguirre sought to enter the United States through the Morley pedestrian crossing at the Nogales Port of Entry. In doing so, he provided border agents with his real name and an Arizona Driver's License issued in his name. He falsely declared that

---

[1] "Tr." refers to the transcript of the May 8, 2006, hearing on this matter. *Docket No. 22.*

he was a United States Citizen. At the Passport Control Office where Vargas-Aguirre was referred for further inspection, he admitted that he was a Mexican Citizen and had previously been deported from the United States. He also stated that he was traveling to live and work in Tucson, Arizona. By Indictment dated March 1, 2006, Vargas-Aguirre was charged with Attempted Re-Entry After Deportation in violation of 8 U.S.C. § 1326 (enhanced by 8 U.S.C. § 1326(b)(2). The allegations contained in the Indictment allege that:

> On or about February 3, 2006, at or near Nogales, in the District of Arizona, Jose Vargas-Aguirre, aka Jose Vargas, an alien, knowingly and intentionally attempted to enter the United States of America and committed an overt act which was a substantial step towards entering the Untied States fo America, that is the defendant falsely claimed to be a United States citizen, after having been denied admission, excluded, deported, and removed therefrom at or near Del Rio, Texas on or about January 28, 2005, and not having obtained the express consent of the Attorney General or the Secretary of the Department of Homeland Security to reapply for admission thereto; in violation of Title 8, United States Code, Section 1326, enhanced by Title 8, United States Code, Section 1326(b)(2).

*Docket No. 5.*

### III. Conclusions of Law

In *United States v. Lombera-Valdovinos*, 429 F.3d 927 (9th Cir. 2005), Border Patrol Agent Guillermo Avila was watching defendant Lombera-Valdovinos and four or five other individuals standing on the Mexico side of the U.S./Mexico border.

> [Agent] Avila then looked away for about 15 seconds; when he turned back, he saw the defendant, alone and now on the U.S. side of the primary fence, walking directly toward him. When the defendant continued to walk toward Avila, Avila drove toward him. When they met, the defendant stated, "I want to see an immigration judge," admitted to being a citizen of Mexico and, when asked if he had any legal basis for being present in the Untied States, answered, "No." He also said that the "wished to go back to jail."

*Id.* at 928. Based on these facts, the defendant was convicted by a jury on charges of attempted illegal reentry under 8 U.S.C. § 1326. The Ninth Circuit reversed the conviction finding that the crime of attempted illegal reentry required proof of specific intent "to reenter without consent." *Id.* at 929. The court also determined that an alien has not "reentered"

unless he had the specific intent to do so "free from official restraint." *Id.* The court concluded that the evidence presented by the government could not sustain a conviction because a rational trier of fact could not conclude that the defendant made any effort to evade official restraint. *Id.* at 930.

Vargas-Aguirre unpersuasively seeks to extend this ruling to his case. The fact that distinguishes the instant case from *Lombera-Valdovinos* is that Vargas-Aguirre did not indicate that he was a Mexican citizen, did not ask to go before an immigration judge, and did not state that he "wished to go back to jail." *Id.* at 928. The significance of this difference is apparent given the following context:

> With this proper understanding of the scope of official restraint in mind, it is clear that an alien who is under official restraint from the moment of crossing, *and who never intended to avoid or change that status*, cannot therefore have the necessary intent to be guilty of attempted illegal reentry.

*Id.* at 930 (emphasis added).

Here, when Vargas-Aguirre misstated his citizenship, he made it apparent that he sought to be free of official restraint. Had officials believed his claim of United States citizenship, he would have been permitted to enter the United States. From this evidence, a fact-finder could reasonably conclude that Vargas-Aguirre fully intended to avoid or change his status and become free from official restraint.

Vargas-Aguirre also contends that he cannot be subjected to attempt liability because, under the facts of his case, it would have been legally impossible for him to commit the substantive offense. His argument goes like this: had border agents believed he was a United States citizen, he could not be convicted of illegally reentering the United States because he would have entered with the consent of the officials at the port of entry.

Legal impossibility exists when a defendant's intended acts, even if completed, would not amount to a crime. *United States v. McCormick,* 72 F.3d 1404, 1408 (9th Cir.1995). As discussed above, however, Vargas-Aguirre would have been subject to liability for reentry had his ruse been successful. He has not identified any authority, and the Court has found

no authority that differentiates aliens who illegally reenter based on false declarations from those who illegally reenter by avoiding border authorities entirely.  Moreover, the Court can see no reason to offer lenience to those who attempt to gain entry through fraud.

**III.     Recommendation**

The Magistrate Judge recommends that the District Court, after its independent review of the record, enter an Order denying Defendant Jose Vargas-Aguirre's Motion to Dismiss Indictment [Docket No. 10].

This Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

However, the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the District Court. *See* 28 U.S.C. § 636(b)(1) and Rules 72(b), 6(a) and 6(e) of the Federal Rules of Civil Procedure. Thereafter, the parties have ten (10) days within which to file a response to the objections. If any objections are filed, this action should be designated case number: **CV 06-430-TUC-DCB**. Failure to timely file objections to any factual or legal determination of the Magistrate Judge may be considered a waiver of a party's right to *de novo* consideration of the issues. *See United States v. Reyna-Tapia* 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*).

DATED this 31st day of May, 2006.

Jacqueline Marshall
United States Magistrate Judge