WO

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

United States of America,            )
                                     )
      Plaintiff,                 )
                                     )    CR 06-430 TUC DCB (JM)
v.                                   )
                                     )    **O R D E R**
Jose Vargas-Aguirre, a/k/a Jose Vargas, )
                                     )
      Defendant,                 )
_____)

After a full and independent review of the record, including the Defendant's objections, the Magistrate Judge's Report and Recommendation ("R & R") is accepted and adopted as the findings of fact and conclusions of law of this Court.[1] The Defendant's Motion to Dismiss Indictment (document 10) is denied.

On May 31, 2006, the Honorable Jacqueline Marshall, United States Magistrate Judge, signed an R & R in this action. She recommends that the Court deny the Defendant's Motion to Dismiss the Indictment. Specifically, Judge Marshall recommends that the motion be denied because Defendant admittedly misstated his citizenship, and she found that, therefore, a fact-finder could reasonably conclude that he intended to become free from official restraint. She rejected Defendant's argument that "had border agents believed he was a United States citizen, he could not be convicted of illegally reentering the United States because he would have entered with the consent of the officials at the port of entry." (R & R at 3.) She noted that Defendant failed to offer any legal authority and she found none that differentiates between

---

[1] Unless different from the Magistrate Judge's findings of fact, the Court relies on the citation of the record contained in the R & R. The Court equally relies on the law as properly stated by the Magistrate Judge.

1  illegal reentry based on false declarations as compared to illegal reentry by avoiding border
2  authorities entirely.

3        Pursuant to 28 U.S.C. § 636(b), the parties had ten days to file written objections to the
4  R & R. Defendant filed objections. The Government responded. Any objections that have not
5  been raised are waived and will not be addressed by the Court. *See* 28 U.S.C. § 636(b)
6  (objections are waived if they are not filed within ten days of service of the R & R).

7  <u>Defendant's Objections</u>

8        Defendant objects to the Magistrate Judge's R & R because she misapplied the doctrine
9  of official restraint. Defendant argues that her position that his false statement of U.S.
10 citizenship makes it apparent that he sought to be free from official restraint would be true for
11 any individual who intends to enter the country illegally but who fails to enter because they are
12 continually under official restraint of the government, and such individuals cannot be found
13 guilty of illegal re-entry. *United States v. Pacheco-Medina*, 212 F.3d 1162 (9th Cir. 2000).
14 Defendant's argument is flawed because he is charged with attempted illegal reentry, which is
15 the offense committed when an individual intends to enter the country illegally but who fails
16 to enter because they are continually under official restraint of the government. "'Attempted
17 illegal reentry requires proof of specific intent: the specific intent to reenter 'free from official
18 restraint.'" (D's Objection at 2 (citations omitted).

19       Defendant argues that he "clearly did not have the specific intent in this case to reenter
20 without consent nor did he have the intention to reenter free from official restraint" because he
21 intended to "enter with the consent of government officials after being in official restraint,
22 albeit gaining the consent through a false declaration of U.S. citizenship." *Id.* at 3. Like the
23 Magistrate Judge, this Court looked and found no authority to differentiate between aliens who
24 reenter this country based on false declarations to boarder authorities or those who avoid
25 boarder authorities entirely. *Id.* at 4. The Court agrees with the Magistrate Judge that had this
26 ruse been successful Defendant would have become free of official restraint, entering into the
27 United States, without legal consent. (R & R at 3.) Because his ruse was not successful, he has
28 been charged with attempted illegal reentry.

Conclusion

As the Government notes, whether or not the Defendant intended to enter without consent is a finding of fact to be determined by the jury, but as the Magistrate Judge found the evidence of the false statement of citizenship would support a conviction because a fact-finder could reasonably conclude the Defendant intended to enter without legal consent and become free of official constraint. (R & R at 3.)

The Court notes that the Indictment contains an error in its caption, "Re-entry After Deportation," but the allegations in the body of the Indictment charge the Defendant with attempted reentry after deportation. The error appears to be merely typographical as there is no contention that the Defendant is or has been unaware of or confused as to the charges brought against him. This typographical error is not a basis to dismiss the Indictment and may be cured by amendment.

**Accordingly,**

**IT IS ORDERED** that after a full and independent *de novo* review of the record, the Magistrate Judge's Report and Recommendation is accepted and adopted as the findings of fact and conclusions of law of this Court.

**IT IS FURTHER ORDERED** that Defendant's Motion to dismiss the Indictment (document 10) is DENIED.

**IT IS FURTHER ORDERED** that the Government's request to amend the Indictment to cure the typographical error is granted.

**IT IS FURTHER ORDERED** that this matter remains referred to Magistrate Judge Jacqueline Marshall for all pretrial proceedings and Report and Recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) and LR Civ. 72.1(a), Rules of Practice for the United States District Court, District of Arizona (Local Rules).

DATED this 7th day of July, 2006.

David C. Bury
United States District Judge